# MEMORANDUM DECISIONS

**1**

**Chester E. ANDREWS, Appellant, v. Charles R. DOWNS, Appellee.**

(Court of Appeals of District of Columbia. Submitted November 9, 1925. Decided December 7, 1925.)

Patent Appeal No. 1749.

B. G. Foster, of Washington, D. C., for appellant.

F. E. Barrows and W. B. Morton, both of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the tribunals of the Patent Office in an interference proceeding in which priority of invention was awarded the senior party Downs.

We have examined the decisions of the Examiner of Interferences and the Board, which contain an exhaustive review of the facts, and agree with the Assistant Commissioner, from whose decision this appeal was taken, that the award to Downs was correct.

On the question whether Andrews was diligent, we attach much significance, as did the Patent Office, to the fact that the period of his delay came to an end only when he learned that Downs had given the invention to the public through the medium of various publications. The decision is affirmed.

Affirmed.

---

**2**

**In the Matter of the Application of Carleton ELLIS.**

(Court of Appeals of District of Columbia. Submitted November 2, 1925. Decided December 7, 1925.)

Patent Appeal No. 1772.

S. Shappiro, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing the claims of appellant's application for a patent on confectionery material composed in part of hydrogenated oil.

Each of the several tribunals of the Patent Office has fully and satisfactorily answered appellant's contentions. An examination of the record convinces us of the correctness of the conclusion reached by the Office, and, since we can add nothing to what has been said there, we affirm the decision without further discussion.

Affirmed.